UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY JACKSON, and<br>HERMAN DENNIS<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MIKE BOWENS, and/or<br>MAURICE BOWENS,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Case No. 20-CV-0608-CVE-JFJ<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Now before the Court are plaintiffs' complaint (Dkt. # 1), and motion for leave to proceed in forma pauperis and supporting affidavit (Dkt. # 2). Plaintiffs, Kimberly Jackson and Herman Dennis, are proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe their pro se pleading liberally. See, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

I.

Plaintiffs filed a complaint alleging they are owed compensation from defendants, Mike and Maurice Bowens, for maintaining defendants' property, located at 218 North Mann Street, Sapulpa Creek, Oklahoma. Dkt. # 1. Plaintiffs allege they have taken care of all costs associated with maintaining the property for the past forty years. Id. at 4. Plaintiffs live on the adjacent property of 216 North Mann Street. Id. at 2. Plaintiffs own that property. Dkt. # 2, at 3. In plaintiffs' supporting affidavit they state that their property is valued at $35,000. Id. Plaintiffs allege they are citizens of Oklahoma and list Los Angeles addresses for both defendants. Dkt. # 1, at 2. However, plaintiffs

allege that Mike Bowens is a citizen of Oklahoma. Id. at 4. Plaintiffs indicate that the basis for jurisdiction is federal question. Id. at 3.

### A. Subject Matter Jurisdiction

As an initial matter, plaintiffs complaint does not contain any allegations supporting a finding of subject matter jurisdiction arising out of a federal question or diversity jurisdiction. Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court cannot find any plausible federal claim evident in the complaint. Even though plaintiffs state that they are proceeding under federal question jurisdiction (Dkt. # 1, at 3), they have

not satisfied their light burden in directing the Court toward the appropriate federal law supporting that allegation. Montoya, 296 F.3d at 955.

Further, the Court finds that plaintiffs have not adequately alleged diversity jurisdiction. Under 28 U.S.C. § 1332, federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The Supreme Court has construed § 1332 to require complete diversity, and the "plaintiff must meet the requirements of the diversity statute for *each* defendant . . . ." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989). Plaintiffs allege that defendant Mike Bowens is, like them, a citizen of Oklahoma, destroying complete diversity. Dkt. #1, at 4. If read generously, the allegations could support a finding that complete diversity exists between plaintiffs and defendants, where plaintiffs are both from Oklahoma and list Los Angeles addresses for both defendants. However, even then plaintiffs' allegations fall short as plaintiffs have not alleged the requisite amount in controversy. Section 1332 requires the amount in controversy exceed $75,000, exclusive of interest and costs. Plaintiffs allege that the amount in controversy is only $75,000, thus not meeting the minimum threshold. Dkt. # 1, at 4. Additionally, the Court notes that it is unlikely plaintiffs will be able to allege damages in excess of $75,000. Maintenance services rendered on a property are unlikely to amount to more than $75,000, particularly when considering the value of the entire adjacent property is $35,000. Because the Court finds that the allegations in the complaint and supporting affidavit do not support a finding of subject matter jurisdiction, the Court cannot exercise jurisdiction over this case.

### B. In Forma Pauperis Status

Plaintiffs also request permission to proceed in forma pauperis. Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). At this time, the Court will hold the motion to proceed in forma pauperis in abeyance. The Court will rule on the motion if or when plaintiffs file an amended complaint that cures the jurisdictional deficiencies identified by the Court.

**IT IS THEREFORE ORDERED** that plaintiffs' complaint (Dkt. # 1) is **dismissed** with leave to amend. No later than 10 days after the entry of this order, or on or before **December 21, 2020**, plaintiffs may, but are not required to, **file** an amended complaint to cure the deficiencies identified in this order.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall **send** to plaintiff one blank civil complaint form marked "amended" and identified for **Case No. 20-CV-608-CVE-JFJ,** along with instructions for completing the form.

      **DATED** this 8th day of December, 2020.

                                                           _[signature]_
                                                           CLAIRE V. EAGAN
                                                            UNITED STATES DISTRICT JUDGE